**Otto B. MULLINAX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–88–008–CR.**

Court of Appeals of Texas, Texarkana.

July 26, 1988.

James A. Johnston, Dallas, for appellant.

B.F. Hicks, Mount Vernon, for appellee.

CORNELIUS, Chief Justice.

Otto B. Mullinax was convicted of desecrating a cemetery. Tex.Penal Code Ann. § 42.09 (Vernon 1974). On appeal he contends, among other things, that the evidence is insufficient to support the conviction. We agree and will reverse the judgment.

The property in controversy is the Rock Springs Cemetery situated northeast of Winnsboro. The cemetery originally consisted of a one-acre parcel known as the Glover tract. It was deeded by M.A. Glover in 1903 to the Rock Springs community school. It is bordered on the north by Farm to Market Road 1448, on the east by property owned by R.A. Krantz, and on the south by property owned by Mullinax. Several marked gravesites are located on the Glover tract.

The State contends that an additional two acres of adjacent property known as the Rock Springs school tract is also a part of the cemetery. The two-acre tract was conveyed in 1916 by county school trustees to J.W. Rhone and J.F. Elliott "to be used for Cemetery purposes and that only." Property immediately to the west of this tract is also owned by Mullinax.

Mullinax claims a title right in the two-acre tract derived from his father's and brother-in-law's alleged purchase of it in 1951. His brother-in-law, Dan Johnson, testified that he and Mullinax's father, Claxton Mullinax, cleared and maintained the property which he believed extended to an old fence line along the undisputed western border of the Glover tract. Johnson testified that he gave up his ownership interest in the property in the early 1950's, but that Claxton Mullinax continued to maintain the land until his death in 1960.

Tex.Penal Code Ann. § 42.09(a) (Vernon 1974) provides that one commits an offense by "intentionally or knowingly desecrat[ing] ... a place of ... burial." Desecrate is defined in Tex.Penal Code Ann. § 42.09(b) (Vernon 1974) as to "deface, damage, or otherwise physically mistreat in any way that the actor knows will seriously offend one or more persons likely to observe or discover his action."

The information charged that Mullinax "did then and there intentionally and knowingly desecrate a place of burial,...." To prove desecration the State relied on Mullinax's acts in building a fence across the cemetary land, cutting trees and underbrush, bulldozing soil and similar acts.

The controversy arose when Mullinax began to build the fence. O.R. Henry, the complaining witness who had relatives buried near the western edge of the Glover tract, testified that he was told about the construction while he was on vacation. He met with Mullinax and told him he believed the fence was on cemetary property. Dur-

ing the trial, Henry claimed that the fence crossed over some unmarked graves, but he could not specifically state where the graves were, nor did he raise the complaint during his conversation with Mullinax. The State also proved that some trees were cut on the two-acre tract and an access drive was blocked. Several witnesses testified that Mullinax's acts damaged the cemetery and seriously offended them. Mullinax has contended from his first confrontation with Henry that he has title to the property where he built the fence, and that he was not aware that the property had ever been used for burial purposes.

In judging the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wilson v. State,* 654 S.W.2d 465 (Tex.Crim.App.1983). One essential element of the offense was that Mullinax intentionally defaced, damaged or mistreated the cemetery in a way that he knew would seriously offend persons aware of his actions. Since there is no direct evidence of Mullinax's intent other than his own exculpatory explanations, proof of a mental state necessary to support the conviction must consist of circumstantial evidence. *Dillon v. State,* 574 S.W.2d 92 (Tex.Crim.App. [Panel Op.] 1978). That being the case, the evidence must exclude every reasonable hypothesis except that Mullinax possessed the required culpable mental state. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App. 1984).

 The gist of the offense defined in Section 42.09(a) is a purposeful act of disfigurement to a place of burial with the intent to cast it in a bad light or to offend the sensibilities of those who honor it. The statute does not make criminal those acts which are undertaken as the proper exer-

cise of a claimed right, for in such cases there is no criminal intent.[1] If a person is acting under a claim of right, albeit ill-founded, he is not guilty of an intentional desecration. If the act is not legally justified, it may constitute a civil trespass or other civil wrong which can be redressed by civil remedies, but it is not a crime.

 Having carefully reviewed the evidence in the record, we find that all other reasonable hypotheses have not been excluded, and the evidence is insufficient to show the necessary mental state on the part of Mullinax in his actions with respect to the cemetery. Although there is evidence in the record sufficient, if believed, to support a conclusion that Mullinax was aware that title to the two-acre tract was uncertain, that does no more than prove that he exercised acts of dominion over property that may not have been his. Moreover, the building of a fence and the clearing of vegetation that had "grown wild" for over twenty-five years are not the kind of acts calculated to bring disrespect, or which could objectively and reasonably be expected to offend other persons.

The State contends that Mullinax was attempting to increase the value of his property by annexing part of the cemetery grounds which had road frontage on the highway, to expand his property, and to use the large shade trees on the two-acre tract for his cattle. This very contention militates against the State's case, for such a motive belies any intention to desecrate property for the purpose of offending the public.

 We also conclude that the court should have sustained Mullinax's motion to quash the information because it failed to specify the manner and means of desecration charged against Mullinax. Since desecrate is defined by the statute as meaning to "deface, damage, or otherwise physically mistreat" the property, the offense can be committed by any number of differ-

---

1. *Phillips v. State,* 29 Tex. 226 (1867), is distinguishable from this case. There, the statute made it a crime to "remove any fence" enclosing a cemetery. The court held that since the defendant admittedly intended to remove the fence, no other culpable mental state was required. The statute involved in this case requires that the actor intentionally deface the cemetery, knowing that his acts are calculated to offend others.

ent acts. Indeed, the State argued to the jury that acts of bulldozing, cutting timber, building fences, moving and piling of dirt, and similar acts could all be considered desecration. As such a broad range of activities could be within the statute's definition, Mullinax was entitled on motion to be apprised of the manner and means alleged to have been used by him in desecrating the cemetery. *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App. [Panel Op.] 1980).

It is not necessary to address the other issues. As we have found that the evidence was insufficient to support the finding of a culpable mental state on the part of Mullinax, the judgment is reversed and the cause is remanded to the trial court for entry of a judgment of acquittal, as is required by *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

