TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00005-CR







Cody Ladell Blue, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6390, HONORABLE WILLIAM BLACK, JUDGE PRESIDING








 This appeal is taken from a conviction for intentionally and knowingly desecrating
a place of burial. (1) The jury found appellant Cody Ladell Blue guilty and assessed his punishment
at ten years' imprisonment and a fine of seven thousand five hundred dollars, but recommended
probation, finding that he had never been previously convicted of a felony. The trial court placed
appellant on "probation" subject to certain conditions by suspending the imposition of the
sentence. Notice of appeal was timely given.

 In a sole point of error, appellant contends that the "trial court erred in overruling
appellant's motion for an instructed verdict." This contention shall be considered as a challenge
to the sufficiency of the evidence to support the conviction. See Madden v. State, 799 S.W.2d
683, 689, 689 & n.3 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954, 111 S. Ct. 1432, 113
L. Ed. 2d 483 (1991); see also Rabbani v. State, 847 S.W.2d 555, 556 (Tex. Crim. App. 1992);
Nevarez v. State, 847 S.W.2d 637, 642 (Tex. App.--El Paso 1993, pet. ref'd); Zule v. State, 802
S.W.2d 28, 32 n.3 (Tex. App.--Corpus Christi 1990, pet. ref'd). Appellant cites and relies upon
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) and its Texas
progeny. We conclude that appellant is challenging the legal sufficiency of the evidence.

 Former section 42.09 of the Texas Penal Code under which appellant was convicted
provided:



(a) A person commits an offense if he intentionally or knowingly desecrates:


 (1) a public monument; or


 (2) a place of worship or burial.


(b) For purposes of this section, "desecrate" means deface, damage, or
otherwise physically mistreat in a way that the actor knows will seriously
offend one or more persons likely to observe or discover his action.


(c) except as provided by Subsection (d) of this section, an offense under this
section is a Class A misdemeanor.


(d) an offense under this section is a felony of the third degree if a place of
worship or burial is desecrated.



 The indictment in the instant case alleged that on or about April 1, 1994, appellant
"intentionally and knowingly desecrated a place of burial, to wit: a cemetery in the City of
Lampasas, by then and there removing a stone grave marker of Miguel Perez."

 Dana Dixon, age seventeen, testified that early one afternoon after January and
before May 1994, (2) she encountered appellant at a convenience store in Lampasas. After a
conversation, appellant and his companion, a young man about appellant's age, followed Dana
to her home. There, appellant expressed interest in the cemetery adjoining the property where
Dana lived. All three crossed the barbed wire fence into the cemetery and began to examine the
"old graves." According to Dana, appellant and his companion removed a gravestone or
monument from a grave site and carried it to appellant's car where it was placed in the back seat. 
Appellant and his companion then left the scene. Dana identified pictures of the gravestone or
monument as the one removed from the cemetery.

 John Barney testified that he was appellant's roommate in a dormitory apartment
at the University of Texas at San Antonio from August 1993 until May 4, 1994. He recalled that
on April 19 or 20, 1994, he returned to the apartment and found a gravestone or monument in the
living room. He described it as being made of cement and standing about two feet. Appellant
explained to Barney that on his way back to San Antonio from Hamilton that he had stopped in
Lampasas, met a girl, went to her house, and then into a nearby cemetery where he and his two
friends had removed the headstone and small statue or figurine.

 Peggy A. Layton, director of housing at the University of Texas at San Antonio,
testified that on May 3, 1994, she went to appellant's apartment number 2505 at 6685 UTSA
Boulevard as a follow-up to the eviction notice which had been sent to appellant because he was
delinquent in his rent. She was accompanied by Douglas Sonego, an officer with the UTSA
Police Department, which was customary in eviction matters. Layton stated that appellant invited
her and the officer into the apartment where she talked to appellant about the overdue rent.

 Douglas Sonego testified that upon his entry into the apartment he saw a white
grave marker about three feet tall bearing the "inscription Miguel Perez with the dates Julio 5,
1875, and Julio 15, 1950." He estimated that the gravestone weighed about one hundred pounds. 
Timothy Angermann, Assistant Chief of the Lampasas Police Department testified that he
conducted an investigation into the missing monument from the Lampasas City Cemetery with the
name Perez on it. He related that the gravestone was brought to the Lampasas Police Department
by Officer Sonego from San Antonio. He recalled that the gravestone was about four feet tall and
bore the first name of Miguel or Manuel. Criminal Investigator Robert Olden related that he was
also involved in the investigation of the missing gravestone and that the gravestone was returned
on June 15, 1994. After the missing gravestone was photographed, it was returned to the
personnel at the Lampasas City Cemetery to be replaced on the grave site.

 Vivian Uvalle was called as a witness by the State, who represented to the trial
court that she was a relative of Miguel Perez and one of several people who cared for the grave.
The trial court sustained appellant's objection to Uvalle's testimony because she had not been on
a list of State's witnesses furnished appellant during the discovery process. The defense offered
no testimony. The trial court charged the jury in accordance with the indictment. The jury
returned a guilty verdict.

 Appellant does not contest the fact that the evidence shows that he was the person
who took the monument from the cemetery and concedes that many elements of the offense were
proven, but contends that the mere taking of the monument was not "desecration" of the cemetery
and that the State produced no evidence to show that the cemetery was a "venerated place" or that
the monument was a "venerated" object. Section 42.09 defined "desecrate" as meaning to
"deface, damage, or otherwise physically mistreat in a way that the actor knows will seriously
offend one or more persons likely to observe or discover his action." One of the essential
elements of the offense charged was that appellant knowingly defaced, damaged or physically
mistreated a place of burial--the cemetery--in a way that he knew would seriously offend persons
aware of his actions. See Mullinax v. State, 756 S.W.2d 40, 42 (Tex. App.--Texarkana 1988, no
pet.). Thus, section 42.09 focused upon conduct which the actor knows will offend another; the
underlying concern was the outrage or resentment caused by knowingly and intentionally
desecrating a place of burial. The resulting damage or destruction was not at issue and did not
figure in the punishment; rather the focus was upon the actor's offensive conduct. See Cullen v.
State, 832 S.W.2d 788, 792 (Tex. App.--Austin 1992, pet. ref'd).

 Proof of a culpable mental state generally relies upon circumstantial evidence. 
Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978); Rodriguez v. State, 793 S.W.2d 744,
748 (Tex. App.--San Antonio 1990, no pet.). Mental culpability is of such a nature that it
generally must be inferred from any facts in evidence which tend to prove the existence of such
intent. Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), cert. denied, 112 S.
Ct. 2944 (1992); Skillern v. State, 890 S.W.2d 849, 880 (Tex. App.--Austin 1994, pet. ref'd). 
Intent and knowledge can be inferred from conduct of, remarks by, and circumstances
surrounding the acts engaged in, by accused. Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim.
App. 1985); Romo v. State, 593 S.W.2d 690, 693 (Tex. Crim. App. 1980); Parramore v. State,
853 S.W.2d 741, 745 (Tex. App.--Corpus Christi 1993, pet. ref'd); Castellano v. State, 810
S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Ercanbrack v. State, 646 S.W.2d 480, 481
(Tex. App.--Houston [1st Dist.] 1982, no pet.).

 In the instant case, the evidence is undisputed that appellant physically removed the
gravestone from a grave site in the cemetery in question, transported it many miles, and set up
the gravestone in a living room for decoration or a conversation piece. Officer Sonego was
clearly offended when he saw the gravestone in appellant's living room, took it into custody and
returned it to Lampasas so that it could be returned to the cemetery where it belonged. We reject
appellant's claim of lack of proof of desecration.

 Likewise, we reject appellant's claim that the State failed to prove that the cemetery
or monument was a venerated place or object. The word "venerated" is not found in the body of
the statute nor was it alleged in the indictment in a manner that would require the State to prove
it. While the legislature entitled or labeled section 42.09 "Desecration of Venerated Object," that
title was not a part of the statute that must be alleged and proved. Appellant's contention is
without merit.

 The standard for reviewing the legal sufficiency of the evidence is whether viewing
the evidence in the light most favorable to the jury's verdict and measured against the charge
given to the jury, any rational trier of fact could have found beyond a reasonable doubt the
essential elements of the offense charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990); Valdez v. State, 776 S.W.2d
162, 165 (Tex. Crim. App. 1989), cert. denied, 495 U.S. 963 (1990). The standard of review is the same in both direct and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408,
409 (Tex. Crim. App. 1990). It is not the reviewing court's duty to disregard, realign, or weigh
the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the
exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. 
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Saxton v. State, 804 S.W.2d 910, 914 (Tex.
Crim. App. 1991). The jury is free to accept or reject any or all of the evidence presented by
either party. Saxton, 804 S.W.2d at 914; Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim.
App. 1987). 

 Viewing the evidence in the light most favorable to the jury's verdict and measured
against the jury charge, we conclude that any rational trier of fact could have found beyond a
reasonable doubt all the essential elements of the offense charged. Appellant's sole point of error
is overruled.

 The judgment is affirmed.





 

 John F. Onion, Jr., Justice

Before Justices Aboussie, Kidd and Onion*

Affirmed

Filed: March 20, 1996

Do Not Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Act of May 24, 1973, 63d Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 957 amended
by Act of May 29, 1989, 71st Leg., R.S., ch. 253, § 2, 1989 Tex. Gen. Laws 5055, 5056
amended by Act of July 17, 1989, 71st Leg., 1st C.S., ch. 27, § 2, 4, 1989 Tex. Gen. Laws 94
(former Tex. Penal Code § 42.09), repealed and deleted by Act of May 29, 1993, 73d Leg., R.S.,
ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3679, effective Sept. 1, 1994.
2.   Appellant's counsel conceded in jury argument that the State had proved the date alleged in
the indictment.



5 (Tex. App.--Corpus Christi 1993, pet. ref'd); Castellano v. State, 810
S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Ercanbrack v. State, 646 S.W.2d 480, 481
(Tex. App.--Houston [1st Dist.] 1982, no pet.).

 In the instant case, the evidence is undisputed that appellant physically removed the
gravestone from a grave site in the cemetery in question, transported it many miles, and set up
the gravestone in a living room for decoration or a conversation piece. Officer Sonego was
clearly offended when he saw the gravestone in appellant's living room, took it into custody and
returned it to Lampasas so that it could be returned to the cemetery where it belonged. We reject
appellant's claim of lack of proof of desecration.

 Likewise, we reject appellant's claim that the State failed to prove that the cemetery
or monument was a venerated place or object. The word "venerated" is not found in the body of
the statute nor was it alleged in the indictment in a manner that would require the State to prove
it. While the legislature entitled or labeled section 42.09 "Desecration of Venerated Object," that
title was not a part of the statute that must be alleged and proved. Appellant's contention is
without merit.

 The standard for reviewing the legal sufficiency of the evidence is whether viewing
the evidence in the light most favorable to the jury's verdict and measured against the charge
given to the jury, any rational trier of fact could have found beyond a reasonable doubt the
essential elements of the offense charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990); Valdez v. State, 776 S.W.2d
162, 165 (Tex. Crim. App. 1989), cert. denied, 495 U.S. 963 (1990). The standard of review is the same in both direct and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408,
409 (Tex. Crim. App. 1990). It is not the reviewing court's duty to disregard, realign, or weigh
the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the
exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. 
Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Saxton v. State, 804 S.W.2d 910, 914 (Tex.
Crim. App. 1991). The jury is free to accept or reject any or all of the evidence presented by
either party. Saxton, 804 S.W.2d at 914; Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim.
App. 1987). 

 Viewing the evidence in the light most favorable to the jury's verdict and measured
against the jury charge, we conclude that any rational trier of fact could have found beyond a
reasonable doubt all the essential elements of the offense charged. Appellant's sole point of error
is overruled.

 The judgment is affirmed.





 

 John F. Onion, Jr., Justice

Before Justices Aboussie, Kidd and Onion*

Affirmed

Filed: March 20, 1996

Do Not Publish




*