Henry FLETCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00135–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 28, 1999.

Decided April 29, 1999.

---

George C. Roland, McKinney, for appellant.

Tom O'Connell, District Attorney, McKinney, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Henry Fletcher was charged by information with the offense of driving while intoxicated, a misdemeanor. On a plea of not guilty, he was convicted in a jury trial and sentenced to fourteen days' confinement and a fine of $500.00. Fletcher appeals, contending that the trial court erred because the charge given to the jury did not comply with *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991).

The Texas Court of Criminal Appeals has held that the following reasonable doubt instruction should be submitted to juries in all criminal cases, regardless of whether a request or an objection is made by either party, or whether the evidence is circumstantial or direct. *Id.*

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce

any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty".

*Id.* at 162. If there is a total omission of the instruction on reasonable doubt, such error defies meaningful analysis by harmless error standards and compels automatic reversal. *State v. Toney,* 979 S.W.2d 642, 644–45 (Tex.Crim.App.1998). However, "if the jury is given a partial or substantially correct charge on reasonable doubt, then any error therein is subject to a harm analysis under [*Abdnor v. State,* 871 S.W.2d 726 (Tex.Crim.App.1994), *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984), and Tex.Code Crim. Proc. Ann.

art. 36.19 (Vernon 1981)]." *Toney,* 979 S.W.2d at 644–45.

In the present case, the trial court gave the following instruction:

In the United States of America all persons are presumed innocent when charged with a criminal offense, and no person may be convicted of an offense unless the charging government proves each and every element of the offense beyond a reasonable doubt. The "elements of the offense" in this case will all be listed in the "Application of the Law to the Facts" section later. If the state fails in proving any element beyond a reasonable doubt, you must acquit the defendant. In other words, a vote for "Not guilty" is the result of your deciding not to vote, "Guilty."

The law does not require a defendant to prove his innocence nor, for that matter, offer any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant. No jury is allowed to find a defendant is guilty just because he has been arrested, confined, and charged with an offense.

Our law provides that a defendant may testify at this trial on his own behalf. This is a right that may be declined by him. No one can force any defendant to take the witness stand at a trial. If he does not testify, it cannot be taken as any evidence of guilt. You are instructed in this case not to speculate, guess, or even talk about what Henry Fletcher might have said if he had taken the witness stand, for to do so would clearly destroy his rights under both our United States' [sic] and Texas' [sic] Constitutions. Additionally, you cannot find, and it is improper for any juror to so state, that any part of the elements of the State's proof has been shown by his not testifying at trial. The absence of his testimony does not prove anything at all, nor is it a circumstance against him. You are instructed not to bring the issue up during deliberations, and the Presid-

ing Juror should immediately instruct any juror doing so to stop.

Although the prosecution has the burden of proof in this trial, the prosecution is not required to prove guilt beyond "all possible doubt." It is required that the prosecution's proof exclude or eliminate "all reasonable doubt" concerning the defendant's guilt. A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of that person's affairs. Proof beyond a reasonable doubt in this case, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you and these instructions, you will acquit him.

Although *Geesa* does not require giving the reasonable doubt instruction in the exact language set out in that opinion, such is the only safe practice without risking error. The trial court that tries innovation with this instruction does so at its peril.

■ The instruction given here was erroneus in two significant ways. First, as a part of this instruction, *Geesa* requires that the jury be told that, "The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial." Instead, the trial court here instructed that, "No jury is allowed to find a defendant is guilty just because he has been arrested, confined, and charged with an offense." The difference in what *Geesa* requires and what was given is significant because *Geesa* requires an instruction to the jury, not just that they cannot convict because the accused was arrested *and* confined, *and* charged with the offense, but that not *any* of those events—arrest, *or* confinement, *or* being charged—rise to the level of an *inference* of guilt at his trial.

*Geesa* requires an enumeration of these events in the disjunctive. Here, the court listed them conjunctively. The failure to tell the jury that *none* of those events gives rise to an inference of guilt was error. Second, the trial court inserted into the instruction on reasonable doubt an instruction on the right of the accused not to testify. This inserted instruction, although appropriate to give as a separate and independent instruction, interrupted the reasonable doubt instruction and detracted from it. This too was error. In spite of these errors, however, we find that the instruction given, taken as a whole, was a substantially correct charge, and we will therefore conduct a harm analysis, as required by *Toney*, 979 S.W.2d at 642.

■ As previously noted, finding error merely begins the inquiry. *Gornick v. State*, 947 S.W.2d 678, 681 (Tex.App.-Texarkana 1997, no pet.), citing *Almanza*, 686 S.W.2d at 174. We must determine whether the resulting harm, if any, requires reversal. *Gornick*, 947 S.W.2d at 681. Fletcher preserved error by requesting the *Geesa* instruction at trial. Therefore, reversal is required if this error was calculated to injure him. *See Almanza*, 686 S.W.2d at 171. The presence of any harm, regardless of degree, is sufficient to require reversal. *Abdnor*, 871 S.W.2d at 732; *LaPoint v. State*, 750 S.W.2d 180, 191 (Tex.Crim.App.1986) (opinion on reh'g).

■ Fletcher had the burden of proof to persuade this Court that he suffered some actual harm as a consequence of the charging error. *Abdnor*, 871 S.W.2d at 732; *Belyeu v. State*, 791 S.W.2d 66, 75 (Tex. Crim.App.1989); *LaPoint*, 750 S.W.2d at 191. We are not so persuaded. After careful review of all the evidence and the court's entire charge, we do not find that Fletcher was harmed. His contention is overruled.

The judgment of the trial court is affirmed.