Affirmed and Opinion filed _____________, 2002
















Affirmed and Memorandum
Opinion filed May 1, 2003.                                                       

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00355
-CR  

____________

 

TERESA JEAN ALLEN,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the County
 Criminal Court at Law
No. 7     

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 1099165




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

A jury found appellant guilty of misdemeanor criminal trespass and assessed punishment at 30
days’ confinement, probated for one year, and a fine of $100.  Appellant asserts the evidence was both legally
and factually insufficient, and the trial court erred in denying her request
for a jury instruction.  We affirm.  

Legal and Factual Sufficiency

Appellant contends the evidence is
legally and factually insufficient to support her conviction for criminal
trespass.  We apply the usual standards
of review.  See Reyes v. State,
84 S.W.3d 633, 636 (Tex. Crim. App. 2002) (legal
sufficiency); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) (factual sufficiency).

In early October 2001, appellant, a
member of the Local Advisory Board of KPFT radio station,[1]
arrived at the station to observe on-air fund raising efforts.  When Mary Gardner[2]
answered the door, appellant identified herself by name, stated she was a member
of the local advisory board, and explained she would be monitoring the
volunteers at the phone bank.  Mary
Gardner informed her husband Rick Gardner[3]
and Molly O’Brien Ganter[4]
of appellant’s presence.  Shortly
thereafter, Mrs. Gardner and Mrs. Ganter returned to
find appellant had left.

Several minutes later, witnesses heard
Ganter cry out for help.  Appellant was attempting to re-enter the
station by pushing her way through Ganter, who was
holding the door closed.  The struggle
ended when appellant shoved the door open and fell on top of Ganter.  As a result
of the uproar, Mrs. Gardner called the police.  Appellant remained in the lobby, sitting on a
step until the police arrived.  When
asked why she refused to leave, appellant replied she had a right to be
there.  

Upon arrival of the police, Mr.
Gardner, aware that appellant was a member of the local advisory board, advised
the officers that he was in control of and had responsibility for the station.[5]  He also told the officers he wanted appellant
to leave the station.  When an officer
explained to appellant that she had to leave, she refused.  After a brief investigation, appellant was
arrested.

A person commits criminal trespass
if 1) she enters or remains in a building of another without effective consent
and 2) she received notice to depart but failed to do so. Tex. Pen. Code § 30.05(a)(2).  Because appellant refused to leave the
premises upon Mr. Gardner’s request, we need not decide whether appellant’s
initial entry or subsequent re-entry by force constituted criminal
trespass.  

Appellant’s sole challenge to the
evidence is that she believed in good faith that (as a member of the local
advisory board) she had a right to enter and remain at the station, and thus
lacked the requisite intent for criminal trespass.  She relies on Gornick v. State, in which the Texarkana court held the trespass statute “does
not criminalize acts that are undertaken in good faith as the proper exercise
of ownership under a claimed right.”  947
S.W.2d 678, 680 (Tex. App.—Texarkana 1997, no pet.).  For three reasons we disagree. 

First, appellant does not assert an
ownership right.  In Gornick, the appellant entered
the property under the authority of a deed he obtained pursuant to a disputed
sale.  See 947 S.W.2d at 681.  Here,
no evidence indicated members of the local advisory board had a possessory interest or other right to exercise control over
the station’s building.

Second, this court has held that a
person having no possessory interest, but with a bona
fide claim of access to property, must assert that claim in civil proceedings;
it is not an excuse to a trespass prosecution. 
See Gollinger
v. State, 834 S.W.2d 553, 555–56 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (affirming
trespass conviction of labor representative who
claimed a right to be on premises pursuant to collective bargaining agreement and
invitation). 

Third, a defendant’s accidental or
mistaken entry onto the property of another is criminal trespass when the
defendant intentionally, knowingly, or recklessly refuses to leave after
receiving notice to depart from the owner. 
See id. at 556.  Here, it is undisputed appellant was told to
depart the premises and thereafter refused. 

Mr.
Gardner, a 30-year volunteer at the station, was both running the control booth
and serving as the on-air personality at the time of the offense.  He requested that appellant leave the
premises, which she refused. Under these circumstances, the jury could
determine that Mr. Gardner had a greater right to the property than appellant
and the authority to request that appellant leave.  See Vanderburg v. State, 874 S.W.2d 683, 684 (Tex. Crim. App. 1994) (holding that a bailiff had a greater
right of possession of a hallway in a public building outside of a courtroom).  Accordingly, we find the evidence legally and
factually sufficient to support appellant’s conviction.

Jury Instruction

Appellant
additionally contends the court erred in denying appellant’s request for the
following jury instruction: “If a person is acting under a bona fide claim of
right, albeit ill-founded, he is not guilty of criminal trespass.” Generally,
if evidence raises the issue of a defensive theory, it must be included in the
court’s charge.  Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim.
App. 1994).  However, for reasons previously
mentioned, appellant’s evidence did not raise a valid defensive theory.  We find the trial court did not err in
denying appellant’s request.

The
judgment is affirmed.

 

                                                                                                /s/        Scott Brister

                                                                                                            Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed May
 1, 2003.

Panel consists
of Chief Justice Brister and Justices Fowler and Edelman.

Do Not Publish –
Tex R. App. P. 47.2(b).











[1] KPFT is
an affiliate of Pacifica Foundation which is governed by the Pacifica National
Board.  The local advisory board reports
to and advises the national board. 





[2] Mary
Gardner was a station volunteer and wife of complainant Rick Gardner.





[3] Rick
Gardner had been a volunteer at KPFT for about 30 years.  For the last nine years he served as a deejay
and host of the current show.





[4] Mrs.
O’Brien Ganter is the wife of Garland Ganter, the general manager at the radio station.





[5] KPFT is
a public radio station and a number of employees who handle the day-to-day
business of the station are volunteers like Mr. Gardner. However, the station
did employ eight paid employees including a General Manager, but none of the
paid employees were present at the station at this particular time.